IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-00184-DSC

| | |
|---|---|
| JOHN B. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| ANDREW M. SAUL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #14) and Defendant's "Motion for Summary Judgment" (document #17), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 7, 2019. He argues that the Administrative Law Judge erred in not finding that his impairments met Listings 1.04 (disorders of the spine) and 12.02 (neurocognitive disorders). See Plaintiff's "Memorandum …" at 3-20 (document #20). He also

assigns error to the ALJ's evaluations of opinions from Dr. Antoinette Wall, a consultative medical expert, Dr. W. Jim Miller, a consultative psychological expert, David Sams, Plaintiff's treating physician assistant, and the State agency psychological experts. Id. Finally, Plaintiff assigns error to the ALJ's formulation of his Residual Functional Capacity.[1] See Plaintiff's "Memorandum …" at 20-24 (document #20).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] The Court has carefully reviewed the record, the authorities and the parties' arguments. Plaintiff has not cited evidence showing that his cervical impairment met the criteria for Listing 1.04. Nor has he established that his cognitive impairments met the requirements for Listing 12.02. The ALJ cited substantial evidence to support the finding that Plaintiff did not meet the Listings. He had no more than moderate limitations in the four areas of mental functioning, including the ability to understand, remember or apply information; interact with others; concentrate, persist or maintain pace; and adapt or manage himself. (Tr. 36-37).

The ALJ found Plaintiff not disabled based upon an RFC that allowed for:

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

light work as defined in 20 CFR 404.1567(b) except he could lift 40 pound [sic] occasionally and 10 pounds frequently. He could stand, walk, and sit for six hours in an eight-hour workday. He could never climb ladders, ropes, or scaffolds. He should have avoided concentrated exposure to hazards. He could occasionally balance and frequently stoop. He could occasionally engage in overhead reaching, and he could frequently engage in handling and fingering with the right upper extremity. He could perform simple one-two step tasks on a sustained basis for eight hours a day, five days per week, and could do so in two-hour increments with normal breaks. He would have required a low stress work environment involving non-production work, and no fast-paced work. To accommodate stress, he should have no public contact.

(Tr. 38).

The ALJ thoroughly discussed the opinions from Dr. Wall, Dr. Miller and Mr. Sams. The ALJ explained that Dr. Miller's opinion was vague and inconsistent with the longitudinal evidence he previously cited in the decision. (Tr. 33-36, 46). The ALJ gave great weight to the State agency psychological consultants' assessments that Plaintiff could perform work commensurate with the RFC. (Tr. 46, 133-34, 153-55). The ALJ explained that the psychological consultants' opinions were generally supported by and consistent with the evidence of record as a whole. (Tr. 46). See C.F.R. §§ 404.1527(c) (3)-(4), 416.927(c) (3)-(4). See Lucas v. Astrue, No. 5:12-cv-131, 2012 WL 6917052, *6 (E.D.N.C. Dec. 28 2012) (upholding ALJ's decision where the ALJ "accorded significant weight…to the opinions of state agency consultants and his decision is supported by substantial evidence") (report and recommendation adopted by 2013 WL 239195 (E.D.N.C. Jan. 22, 2013); see also Baldwin v. Colvin, No. 2:12-cv-76, 2014 WL 3939213 (W.D.N.C. Aug. 12, 2014) ("Under Social Security Administration regulations, the expert opinions of the examining medical sources and state agency reviewing doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence."); Gunter v. Colvin, No. 1:09-cv-0384, 2014 WL 1757306 (M.D.N.C. April 30, 2014) (finding opinion of the State agency

physician constituted substantial evidence in support of the ALJ's decision). The ALJ included the limitations found by those experts in Plaintiff's RFC.

The ALJ found that Mr. Sams' opinion was inconsistent with his treatment records documenting Plaintiff's normal attention and concentration, daily activities, conservative and sporadic treatment history and the physical examination findings. (Tr. 46-47).

Although Plaintiff asserts that the ALJ minimized Dr. Wall's physical findings, the ALJ did state that he found her opinion persuasive. (Tr. 40-41, 773-77). He also cited Dr. Wall's physical examination findings verbatim. Id. There was no error in the ALJ's evaluation of these expert opinions.

The ALJ explained how he accounted for Plaintiff's orthopedic impairments as follows:

> The RFC developed for the claimant accounts for his neck and shoulder problems relegating him to reduced light work.10 It also imposes significant manipulate [sic] limitations designed to compensate for the problems he has experienced with his upper extremities, particularly his right arm. With such limitations in place, I find the claimant has been able to engage in substantial gainful activity. In establishing the residual functional capacity, I considered the claimant's cervical spine. In light of diagnostic tests, physical examinations and activities of daily living I limiting [sic] handling and fingering with the right upper extremity. I was persuaded by examinations revealing 4/5 grip strength in the right upper extremity and 5/5 grip strength in the left upper extremity (Exhibit 5F). With respect to exertional limitations, I consider the claimant's impairments, and concluded that the combined effects of the claimant's cervical spine, lumbar spine, and nonsevere right knee created synergies necessitating a limited range of light work. Finally, I limited the claimant with respect to overhead reaching based on the claimant's cervical spine, which necessitated surgical intervention. Subsequent treatment records reveal changes. Specifically, the C5-6 herniation was no longer present, and there was only mild to moderate stenosis (Exhibit 11F). Other treatment records indicate the claimant on occasion had no pain, mild tenderness, and occasionally reports of pain of 5-7/10 (Exhibits 13F, 12F, 10F, 9F).

(Tr. 41, 773-77, 794-895, 836-44, 847-84; Pl. Br. 31 see also Tr. 45-46).

The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #14) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #17) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**   Signed: June 2, 2020

David S. Cayer
United States Magistrate Judge